## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CONSTANTIN CHIRITA**                                **CIVIL ACTION**

**VERSUS**                                            **NO. 07-1511**

**VENFLEET LTD., HANSEATIC SHIPPING**                 **SECTION "S" (1)**
**CO. LTD., AND THE UNITED KINGDOM**
**SHIP ASSURANCE ASSOCIATION (BERMUDA)**
**LTD.**

## ORDER AND REASONS

      **IT IS HEREBY ORDERED** that plaintiff's motion to remand (Rec. Doc. 4) is **GRANTED,**

and the case is remanded to the Thirty-Fourth Judicial District Court for the Parish of St. Bernard,

State of Louisiana.  Plaintiff's request for attorneys' fees is **DENIED**.

## BACKGROUND

      Plaintiff, Constantin Chirita, filed suit in the Thirty-Fourth Judicial District Court for the

Parish of St. Bernard, State of Louisiana, against defendants, Venfleet Ltd., Hanseatic Shipping

Company Ltd., and the United Kingdom Ship Assurance Association (Bermuda) Ltd. ("UKSAA").

Plaintiff, a citizen of Romania, brought his suit under the Jones Act, alleging that he was injured

while working aboard the vessel the M/V EOS.  Plaintiff argues that the vessel was unseaworthy and

that the unseaworthiness was the cause of his accident.  In his petition, plaintiff requested issuance

of a writ of attachment against the vessel while it was in the territorial waters of the state of

Louisiana.  Thereafter, the UKSAA issued a letter of undertaking, guaranteeing payment of up to

$1,000,000 of any final judgment against defendants.  Subsequently, Venfleet removed the case to

this Court, alleging that removal is proper under 28 U.S.C. § 1441(d) of the Federal Sovereign Immunities Act ("FSIA") because this action was brought against a foreign state.  Chirita contends that remand is proper because Venfleet is not a foreign state.

## DISCUSSION

**1.      Standard of Review**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded ." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *Jernigan v. Ashland Oil, Inc*., 989 F.2d 812, 815 (5th Cir.1993).

**2.      Removal by a Foreign State**

Chirita argues that 28 U.S.C. § 1441(d) does not provide a basis for Venfleet's removal. Chirita contends that removal under § 1441(d) is limited to a foreign state, as defined in 28 U.S.C. § 1603, and Venfleet is not a foreign state.

28 U.S.C. § 1441(d) provides:

(d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title ***may be removed by the foreign state*** to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown. (emphasis added).

28 U.S.C. § 1603 states, in part:

(a) A "foreign state", except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

(b) An "agency or instrumentality of a foreign state" means any entity–

2

(1) which is a separate legal person, corporate or otherwise, and
(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
(3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

In order to qualify as an agency or instrumentality of a foreign state, all three prongs of § 1603(b) must be satisfied. *Mangattu v. M/V Ibn Hayyan*, 35 F. 3d 205, 207 (5th Cir. 1994).

Venfleet contends that removal is proper because the vessel upon which Chirita alleges that he was injured, the M/V EOS, is a vessel under the absolute control of PDV Marina, an organ of the Bolivarian Republic of Venezuela. Venfleet contends that the vessel is registered under the flag of Panama and managed by Hanseatic, a Cypriot corporation. Venfleet asserts that the vessel is nominally owned by Venfleet, which is a wholly owned subsidiary of PDV Marina S.A., a wholly owned subsidiary or instrumentality of Petroleos de Venezuela S.A. ("PDVSA"), which is wholly owned by the Bolivarian Republic of Venezuela. Venfleet argues that the M/V EOS is controlled by PDV Marina, and the vessel is employed in the transportation of petroleum traded and produced by PDVSA. Venfleet asserts that the M/V EOS is completely controlled by an organ of the Venezuelan government, and therefore, Chirita's claims are against a foreign sovereign. Venfleet argues that PDV Marina, an entity which is not a party to this case, is an organ of the Venezuelan government.[1]

Chirita argues that Venfleet does not meet the requirements of § 1603(b)(3) because it is an entity registered and incorporated under the laws of Bermuda, and that the status of the M/V EOS

---

[1]The Fifth Circuit in *Kelly v. Syria Shell Petroleum Development B.V.*, 213 F. 3d 841 (5th Cir. 2000), addressed the factors to consider when determining organ status under § 1603(b)(2). However, Venfleet does not argue that it is an organ of the government of Venezuela.

is not relevant to whether Venfleet had the right to remove the case under the FSIA.  Section 1441(d) provides that a civil action brought against a foreign state may be removed by the foreign state, not by any other entity.  *Strategic Lien Acquisitions L.L.C. v. Republic of Zaire*, 344 F.Supp.2d 145, 147 (D.C. 2004).  Venfleet, not PDV Marina is the defendant in this case and Venfleet removed the case to this Court.

   Venfleet concedes that it does not qualify as a foreign state, and it does not dispute that it does not meet the requirement of § 1603(b)(3) because it is registered and incorporated under the laws of Bermuda.  Because Venfleet is unable to satisfy § 1603(b)(3), Venfleet does not qualify as an agency or instrumentality of a foreign state as defined by §1603.  Therefore, Venfleet's  removal was improper.  Accordingly, remand is required.

**3.      Request for Attorneys' Fees**

   Chirita's request for attorneys' fees is denied.  Unless unusual circumstances are present, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir.2004); *Valdes v. Wal-Mart Stores, Inc*., 199 F.3d 290, 293 (5th Cir.2000).  The removal in this case was not objectively unreasonable.  Thus, the court declines the request to grant attorneys' fees.

<b>CONCLUSION</b>

   Plaintiff's motion to remand is granted.  Plaintiff's request for attorneys' fees is denied.

New Orleans, Louisiana, this __19th__ day of September, 2007.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

4